MR. JUSTICE SHEEHY,
dissenting:
I concur with the views expressed in the dissent of MR. JUSTICE JOHN C. HARRISON, and add some additional comments:
Libel is defined as a false and unprivileged publication. Section 27-1-802, MCA. To determine whether a publication is privileged, one looks to Section 27-1-804(4), MCA. With respect to judicial proceedings, that section provides:
A privileged publication is one made: “(4) by a fair and true report without malice of a judicial . . . proceeding . . .”
*533 There is no automatic privilege under Section 27-1-804, MCA, for publications by newspapers. To be entitled to the privilege, the publications must be fair, true, and without malice. Otherwise there is no privilege. Unfair editorializing or yellowdogging the allegations of a complaint to slant the reader or sell newspapers would bring the article within the rule announced by the New York Court of Appeals in Klein v. McGauley (1968), 29 A.D.2d 418, 288 N.Y.S.2d 751, wherein it is stated in a slander action that a statement which is extreme and beyond the bounds of reason is not entitled to the privilege even though it were a part of a judicial proceeding.
I further contend that the provisions of Section 27-1-804, MCA, in defamation cases should be examined in the light of the later adoption in the 1972 Montana Constitution of this provision:
“. . . Every person shall be free to speak or publish whatever he will on any subject, being responsible for all abuse of that liberty.” Art. II, Section 7.
It is apparent that the constitutional grant “to speak or publish whatever he will on any subject” is far more broad than the statute defining privileged communications in Section 27-1-804, MCA. Under the constitutional provision, the Billings Gazette is free to publish whatever and whenever it might about any person or subject. The only limitation on that freedom (perhaps I should say “chilling effect”) is the responsibility for abuse of the freedom. In defamation cases, therefore, under the present state constitution, there should be but two defenses, one that the statement is true, (but truth above would not save the constitutional provision, see New York Times, infra), and two, that the liberty to publish was not abused.
I would hold, therefore, that in defamation actions for libel or slander, the statutory privileges for free speech and a free press are not to be found within Section 27-1-804, MCA, but rather center on whether the statements made or the articles published abused the liberty to speak or to publish under state law.
While I admit that such a rule might lead to ad hoc determinations from case to case, the rule would be more in accord with the trend to be observed in the decisions from the United States Supreme Court which themselves appear to be ad hoc, though generally in favor of the press. The United States Supreme Court looks to the character of the person defamed, and changes the burden of proof of malice accordingly.
Thus, in New York Times v. Sullivan (1964), 376 U.S. 254, 279- *534 280, 84 S.Ct. 710, 725-726, 11 L.Ed.2d 686, the Supreme Court held that the First Amendment required the plaintiff to show that in publishing the defamatory statement the defendant acted with actual malice — with knowledge that it was false or with reckless disregard of whether it was false or not — and that such actual malice must be shown with “convincing clarity.” New York Times involved a public official, but the New York Times rule has been applied to public figures as well, Gertz v. Robert Welch, Inc. (1974), 418 U.S. 323, 351, 94 S.Ct. 2997, 3012, 41 L.Ed.2d 789, wherein a public figure was defined as an individual who may achieve some pervasive fame or notoriety that he/she becomes a public figure for all purposes and in all contexts, or an individual who voluntarily injects himself/herself or is drawn into a particular public controversy and therefore becomes a public figure for a limited range of issues. An attorney, however, without more, is neither a public official nor a public figure and the heightened standard of proof of New York Times and Gertz does not apply to the proof of malice.
It may be that the majority is saying in reality that its “qualified” privilege is one that is fair, true and without malice. If that be the true import of the majority, it should be more plainly stated.